M’Gikk, C. X,
delivered the opinion of the Court.
This case comes before the Court, on an application for a rule to the Circuit Court of the county of St. Louis, to show cause why a mandamus should not issue, to compel that Court to proceed and reinstate a cause, by that Court dismissed.
. The case appears to have originated before a Justice of the Peace ; and when it came to the Circuit Court by appeal, was dismissed, because the recognizance was not signed by the party appealing, as well as by his surety. The words of the act of the General Assembly are, that the party appealing, if plaintiff, shall be bound, with surety, in a recognizance, &c.; and if the defendant appeals, the form of the recognizance is to be the same; and then the act gives the form of the recognizance, and expressly says, it shall he subscribed by the party appealing and the surety, and tested by the justice: (see Geyer’s Digest, 390.) Here the words of the law are-imperative ; there is no room for construction.
It is said, this is like the case of Pratte, to the use of Winter & M’Call, v. Ober, decided by this Court. There, the motion was to dismiss, on appeal taken from the Circuit Court to this Court.
In that case, the reeognizance was given, and the appeal taken, under the 54th sec„ of the act respecting judicial proceeding, as sectioned in Geyer’s Digest.
The recognizance was entered into by sureties, and by some one as agent for the party appealing, whose right of agency did not appear. The motion was made to. dismiss the appeal, because entered into by agent, and not by the party. The words of that law ave, that it shall he the duty of the Court to require of the party appealing, a recognizance, with one or more sureties, &c.; and the Court decided, in that *255 case, and under that law, that the party appealing need not necessarily be hound in the recognizance himself, to satisfy the words of the law.
It may he remarked, that, by that law, the party is to give the recognizance, and that he may do, though not hound by it himself; and that, when the recognizance is entered into hy the sureties, he may well he said to give it. But here the law is different. The party shall subscribe it. That has not been done, and the appeal was rightly dismissed. The motion for the rule is overruled, at the cost of the mover thereof.
In this case, I am of opinion, that the rule for the mandamus, if granted, would be premature, unless the party applying had shown, that he applied to the Circuit Cour to reinstate the cause, and it was refused, which was not done.